HURWITZ, Circuit Judge,
concurring.
The Federal Arbitration Act permits a district court to vacate an arbitration award “only in very unusual circumstances.” First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 942, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). Although I am troubled by this case, I am unable to conclude that one of the “narrow grounds” in section 10(a) of the Act justifies the'district court’s refusal to confirm the arbitrator’s award. See Collins v. D.R. Horton, Inc., *687 505 F.3d 874, 883 (9th Cir.2007) (quoting Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1133 (9th Cir.2000)).
In general, an arbitrator should not himself determine whether he should be re-cused, given his financial interest in continued employment. See Pitta v. Hotel Ass'n of N.Y. City, Inc., 806 F.2d 419, 423-24 (2d Cir.1986). Thus, regardless of the JAMS procedural rules, the arbitrator should have referred Masimo’s belated request for recusal to another for decision. But, because the recusal request raised only matters of general public knowledge and occurred very late in an extended arbitration (when the arbitrator had earned virtually all of his fees), and because Masimo’s claims of “evident partiality” fail on the merits, any error by the arbitrator in not referring the issue to others does not mandate vacation of the award.
The punitive damages award also gives me concern. As my colleagues note, the judge applied the wrong law; he thus incorrectly based the amount of the award in part on the conduct of Massimo’s attorneys during the arbitration. Moreover, the amount of the award, about sixteen times the amount of compensatory damages, raises obvious due process concerns. See BMW of N. Am., Inc. v. Gore, 517 U.S. 559, 581-82, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). But, section 10(a)(4) of the Act only allows a court, to refuse to confirm an award when the arbitrator exhibits “manifest disregard of the law.” Comedy Club, Inc. v. Improv W. Assocs., 553 F.3d 1277, 1289-90 (9th Cir.2009). Like my colleagues, I cannot conclude that this very demanding standard was met here.